John F. O'Riordan
**O'RIORDAN LAW FIRM**
NJ Attorney I.D. No.: 47671990
Two Liberty Place
50 South 16th St., 22nd Floor
Philadelphia, PA  19102
Telephone:  (215) 568-6864
Facsimile:  (215) 701-7523
jfo@oriordanlaw.com

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **JOHN MOLINELLI, INC.,** | **Case No.:  1:13-cv-01238-JEI-KMW** |
| **Plaintiff,** | |
| **vs.** | |
| **WM. CONSALO & SONS FARMS, INC., et al.,** | |
| **Defendants.** | |

**CONSENT INJUNCTION AND AGREED ORDER
ESTABLISHING PACA TRUST CLAIMS PROCEDURE**

WHEREAS, on March 1, 2013, John Molinelli, Inc. ("Molinelli") commenced the instant action against Defendants William Consalo & Sons, Inc., a New Jersey Corporation ("Consalo & Sons"), Vincent Consalo, Jr., Louis Consalo, and Robert Consalo, to enforce the trust provisions of Section 5 (c) of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c) ("PACA").

WHEREAS, the trust provisions of PACA establish a statutory, nonsegregated trust under which Defendants are required to hold all trust assets including inventory, proceeds, and accounts receivable in trust for qualified beneficiaries until full payment is made. [7 U.S.C. 499e(c)(2)].

WHEREAS, Consalo & Sons has ceased all business operations.

WHEREAS, counsel for Molinelli and counsel for Defendants have conferred and reached an agreement regarding the terms of this Consent Injunction (the "Order") to establish the manner in which Consalo & Sons will liquidate its remaining assets in an orderly fashion and satisfy certain priority claims against it which are entitled to elevated trust beneficiary status under the PACA.

Accordingly, IT IS STIPULATED AND AGREED, by and between the Molinelli and Defendants as follows:

A)      Defendants do not have any objection to the entry of an Injunction upon the terms reflected in this Order and any additional terms this Court deems necessary to give effect to the orderly transfer of Consalo & Sons' remaining assets to its qualified PACA trust beneficiaries.

B)      Defendants recognize that Molinelli and other similarly situated unpaid suppliers of produce, may be entitled to a beneficial interest in the single pool of Consalo & Sons' PACA trust assets that include, without limitation, inventory of perishable agricultural commodities, inventory of food or products derived from produce, accounts receivable or proceeds from the sale of such commodities or products, cash, and other assets, produce related or not, commingled with proceeds of such commodities or products ("PACA Trust Assets").

C)      Molinelli reserves the right to assert that Consalo & Sons' other assets, including without limitation, furniture, fixtures, equipment, vehicles, leases, real property, and leasehold improvements are PACA Trust Assets available for distribution to qualified PACA trust beneficiaries.

D)      Molinelli also reserves the right to pursue any deficiency in the recovery of its claim against Vincent Consalo, Jr., Louis Consalo, Robert Consalo, responsibly connected principals of Consalo & Sons and any third party to whom PACA Trust Assets of Consalo & Sons may have been transferred.

E)      Molinelli and Defendants reserve all rights to contest the amounts, validity, and PACA trust status of all claims asserted in conjunction with this Order, whether by Molinelli or any other similarly situated, unpaid suppliers of produce who join this action, as well as all legal and equitable defenses to such claims.

F)      Molinelli and Defendants agree that this Order is reasonable and necessary to:

   a.      Identify the qualified PACA trust beneficiaries of Consalo & Sons;

   b.      Determine the amounts and validity of PACA trust claims held by each such beneficiary;

   c.      Provide a framework for the orderly liquidation and transfer of Consalo & Sons' PACA Trust Assets to the beneficiaries;

   d.      Maximize the recovery for each PACA trust beneficiary and, consequently, minimize the potential personal liability of Vincent Consalo, Jr., Louis Consalo, Robert Consalo and any third parties who may have received PACA trust assets; and

   e.      Ensure that the rights of all potential beneficiaries and the rights of Defendants are efficiently addressed in a single proceeding with the expense of administering multiple separate actions regarding Consalo & Sons' statutory obligations to all such beneficiaries.

G)      Molinelli and Defendants intend that the costs and expenses of liquidating the assets of Consalo & Sons will be payable from the PACA Trust Account, as defined below, and that said expenses are necessary and reasonable to collect and distribute the PACA Trust Assets.

H)      This Order may be executed in any number of counterparts with the same effect as if all signatories had signed the same document. All counterparts must be construed as constituting one document.

Based upon the foregoing, **IT IS HEREBY ORDERED** as follows:

## I.   CONSENT INJUNCTION

1.      Pursuant to FRCP 65, this Order is binding upon the parties to this action, their officers, directors, agents, employees, independent contractors, banks, or attorneys and all other persons or entities who receive actual notice of the entry of this Order.  Actual notice includes, without limitation receipt of a copy of this Order by personal service, U.S. mail, facsimile and overnight courier.  Such service is good and sufficient.

2.      Defendants, their agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Consalo & Sons are enjoined and restrained from hypothecating, transferring, dissipating, encumbering, paying, assigning, selling or withdrawing any and all assets covered by or subject to the trust provisions of the PACA except as set forth in this Order.   It is further ordered that Vincent Consalo, Jr., Louis Consalo, and Robert Consalo and shall not alienate, dissipate or hypothecate any assets held in their names by gift or sale or otherwise without agreement of the parties hereto or further order of the Court.

3.      Within seven (7) business days of entry of this Order, Defendants shall serve by personal service, U.S. Mail, or facsimile a copy on all financial institutions with which Consalo & Sons conducts business, or any person or entity who may be holding assets for or on behalf of it.  Defendants shall file a Proof of Service with the Court within three (3) days of service of this order on any entity.

4.      Considering the agreement reached between Molinelli and Defendants, the remedial nature of PACA, and in recognition of the fact that the Defendants are currently in possession of the PACA trust assets at issue, the Court hereby finds good cause to set the bond in this matter at $0.00.

## II.     ESTABLISHMENT OF PACA TRUST ACCOUNT

5.     Within seven (7) business days after the date on which this Order is entered, counsel for Defendants shall establish an escrow account at a federally insured financial institution entitled "Consalo & Sons PACA Trust Account" (the "PACA Trust Account").  The only person(s) with signing authority to write checks, make withdrawals, etc., on the account will be counsel for Defendants and counsel for Molinelli, each of whom shall receive copies of the monthly statements.  Counsel for Defendants shall cause the monthly bank statements to be filed with the Court upon receipt.

6.     Defendants shall immediately transfer all monies constituting PACA Trust Assets in their possession, custody or control or which come into their possession, custody or control, including, without limitation, unnegotiated checks, bank account balances, cash, and proceeds of Consalo & Sons' accounts receivable and inventory to their counsel for deposit into the PACA Trust Account.

7.     Counsel for Defendants may not authorize distributions or withdrawals from the PACA Trust Account except as provided in this Order, upon stipulation of the parties or further order of this Court.

8.     The PACA Trust Account is for the benefit of all PACA trust beneficiaries of Consalo & Sons and is not subject to execution, levy, or attachment by any creditor without further order of this Court.

9.     Any and all interest that accrues on the funds in the PACA Trust Account from the date the account is opened to the date of final distribution will be distributed to the party or parties entitled to such funds on the same *pro-rata* basis as is described in section VI, below.

### III.    ESTABLISHMENT OF ESCROW ACCOUNT

10.    Consalo & Sons is the owner in fee simple of the real property located at 1269 N. Main Road, Vineland, NJ  08360, 170 Atlantic Street, Buena, NJ  08326 and Atlantic Avenue, Buena Borough, NJ 08326, the warehouse and other improvements thereon (the "Property"). Consalo & Sons is hereby directed to, within two (2) weeks of the date of this Order, obtain an appraisal of the market value of the Property and list the Property for sale.

11.    Consalo & Sons is hereby directed to, within three (3) business days of the closing on any sale of the Property, open an interest bearing account at any insured and chartered financial institution with a branch located within this federal district, with such account to be opened under the account name of "Consalo & Sons Escrow Account," (the "Escrow Account"). Signatories shall be counsel for Molinelli and counsel for  Defendants, each of whom shall receive copies of the monthly statements. Any and all proceeds realized from the sale of the Property shall be deposited into the Escrow Account within three (3) business days of the closing on the sale. The rights of any and all parties, including, but not limited to Molinelli and Consalo & Sons, to the sums in the Escrow Account shall be preserved and maintained until further Order of this Court.

12.    No distributions or withdrawals may be made from the Escrow Account, except as authorized in this Order or by further order of this Court.

13.    The Escrow Account is not subject to execution b y any other creditor of Consalo & Sons.

14.    Any and all interest which accrues on the funds in the Escrow Account, from the date the account was opened to the date of distribution, shall follow the funds into the hands of the party ultimately deemed entitled to such funds.

## V.   COLLECTION AND LIQUIDATION OF THE ASSETS

15.   With the assistance of counsel for Molinelli, counsel for Defendants shall identify and collect the accounts receivable and other assets subject to the PACA trust of Consalo & Sons, and preserve funds so collected for the benefit of all PACA trust creditors of Consalo & Sons, as their respective interests may appear, by depositing them in the PACA Trust Account.

16.   Counsel for Defendants shall have the power and authority to auction equipment and vehicles and sell remaining inventory and all real property owned by Consalo & Sons without further order of this Court.  Counsel for Defendants shall use his business judgment to obtain fair and reasonable market value for all equipment, vehicles and real property.  In the interim, counsel for Defendants shall have the power and authority to collect all rents relating to the real properties owned by Consalo & Sons.

17.   Consalo & Sons may retain the services of certain of its employees necessary to assist in the liquidation of its assets.  Counsel for Defendants may pay the employees and the ordinary and customary operating expenses incurred in connection with executing the functions and obligations provided for in this Order.  The parties hereto have used their best efforts to develop and agree upon a budget for Consalo & Sons to continue its operations for these limited purposes.  See, Exhibit "A".  If counsel for Defendant seeks to pay employees and any other ordinary and customary operating expenses not covered by the budget, he shall fax a written notification to all attorneys of record.  If no written objections are made within five (5) business days of fax service, counsel for Defendant is authorized to withdraw monies from the PACA Trust Account to pay the expenses.  In the event an objection to a payment is made and cannot be resolved by the parties, counsel for Defendant shall, within ten (10) days after the date of the party's objection, submit the dispute to this Court for resolution.

18.     Within two (2) business days after entry of this Order, Defendants and their agents shall deliver any and all funds realized from the sale of produce and accounts receivable of Consalo & Sons to their counsel for deposit in the PACA Trust Account.

19.     Within two (2) business days after entry of this Order, all funds belonging to Consalo & Sons on deposit with banking institutions shall be delivered to Defendants' counsel for deposit into the PACA Trust Account.

20.     Within two (2) business days after entry of this Order, all funds on deposit in the IOLTA accounts of counsel for the benefit of Consalo & Sons' PACA trust creditors shall be delivered to Defendants' counsel for deposit into the PACA Trust Account.

21.     Within seven (7) days after entry of this Order, Defendants shall provide a detailed listing of the following to counsel for Molinelli:

    (a)   All outstanding accounts receivable of Consalo & Sons (the "Receivables");
    (b)   Consalo & Sons' accounts payable ("Payables");
    (c)   All other assets held in the name of Consalo & Sons, including real property;
    (d)   All lawsuits currently pending instituted by or filed against Consalo & Sons;
    (e)   Consalo & Sons' cash, checks, deposits or other monies in its possession or control; and
    (f)   All financial institutions where Consalo & Sons has had an account within the past one year.

22.     The Receivables and Payables listings must include the following information: addresses, telephone numbers, and primary contact person for each of the companies and the amounts due to Consalo & Sons or owed by Consalo & Sons, as applicable.

23.     Defendants shall maintain the integrity and security of Consalo & Sons' financial records, including accounts payable and receivable and reasonably cooperate with counsel for Molinelli in the collection of accounts receivable and turnover of PACA trust assets.

24.     Upon receipt of actual notice of this Order, all financial institutions in which Consalo & Sons has funds on deposit and any other person or entity that may be in possession of Consalo & Sons' assets shall promptly account for and turn over all such funds and assets to counsel for Consalo & Sons, who will then promptly deposit the funds and assets into the PACA Trust Account.

25.     All persons and businesses that have purchased produce from Consalo & Sons and remain indebted to Consalo & Sons for those purchases must issue payment to counsel for Defendants, who will then promptly deposit the money into the PACA Trust Account.

26.     Counsel for Molinelli or counsel for Defendants may collect the money owed on Consalo & Sons' produce-related invoices and they shall deposit collected monies in the PACA Trust Account.  Counsel for Molinelli and counsel for Defendants are not authorized to settle an account for less than 75% of the invoice amount without either the written consent of the attorneys of record or further Order of the Court.  Counsel for Molinelli and counsel for Defendants agree to serve all attorneys of record with the proposed settlement via facsimile or e-mail.  If no written objections are made within five (5) business days of service, counsel for Molinelli and counsel for Defendants are authorized to settle the invoice with the debtor.  If the objection is not subject to settlement, the dispute shall be submitted to this Court for resolution.

27.     Counsel for Molinelli and counsel for Defendants are authorized to stipulate to retain one or more collection agents, which may include attorneys, to assist with the collection of assets owed to Consalo & Sons, and to enter into an agreement with each collection agent that provides for reasonable compensation to be paid to the collection agent for services rendered.  Counsel for Molinelli and counsel for Defendants agree to serve all attorneys of record with the proposed arrangement via facsimile or e-mail.  If no written objections are made within five (5)

business days of service, counsel for Molinelli and counsel for Defendants are authorized to engage in the collection agent.  If an objection to a payment is made and cannot be resolved by the parties, the objecting party must, within ten (10) days after the date of its objection, submit the dispute to this Court for resolution.

28.     All PACA trust beneficiaries of Consalo & Sons will share the burden of the costs and expenses incurred in administering the trust on the same *pro-rata* basis as is described in section IV, below.  Counsel for Molinelli and counsel for Defendants agree to serve all attorneys of record with its proposed fees and costs that benefit the PACA trust beneficiaries via facsimile or e-mail.  If no written objections are made within five (5) business days of service, counsel for Molinelli and counsel for Defendants are authorized to withdraw monies from the PACA Trust Account to pay the reasonable costs and fees.   If an objection to a payment is made and cannot be resolved by the parties, the objecting party must, within ten (10) days after the date of its objection, submit the dispute to this Court for resolution.

29.     Upon request, during normal business hours, Consalo & Sons shall provide Molinelli's counsel, or other designated representative of Molinelli, with reasonable access to Consalo & Sons' business premises (to the extent they are able to do so), and make available all Consalo & Sons' books and records, including without limitation, all invoices, credit memos, Receivables, ledgers, insurance policies, inventory lists, Payables, customer lists, vendor invoices, and access to Consalo & Sons' computers, computer software and related password.

## VI.    CLAIMS PROCEDURE

30.     In order to promote the efficient administration of justice and finality of any ultimate distribution of PACA trust assets in this case, all persons or entities claiming an interest in the PACA trust assets are required assert their rights in this action by an established bar date in

order to close the class of PACA creditors, to prove their claim, share in any distribution of trust assets recovered, avoid duplicate actions and determine the amount of liability, if any, of each Defendant.

31.     All subsequent actions in any other court or forum by any unpaid seller of Produce to Consalo & Sons are barred, pending further order of this Court. This prohibition also applies to all actions or proceedings in all courts or other forums pending further order of this Court. All persons or entities having unsatisfied claims against Consalo & Sons, its officers or employees, arising under or relating to PACA have the right to seek recovery solely in this action by following the procedures set forth in this Order.

32.     On or before May 1, 2013, counsel for Defendants shall issue a written notice substantially similar in form to the Notice attached to Exhibit "B" (the "Notice"), to each of Consalo & Sons' known Produce creditors.  If the entity is a party herein, or if a notice of appearance has been filed on its behalf in this action, the Notice will be sent to the attorney of record.  The Notice must be accompanied by a copy of this Order and sent via certified mail with return receipt requested, facsimile, or any equally verifiable means to prove delivery upon the recipient.

33.     The Notice is structured on the following schedule:

| EVENT | DEADLINE |
|---|---|
| Serve PACA Proofs of Claim | May 31, 2013 |
| Serve Objections to PACA Proofs of Claim | June 21, 2013 |
| Serve Responses to Claims Objections | July 5, 2013 |
| File PACA Trust Chart and Move for Interim Distribution | August 2, 2013 |
| Object to PACA Trust Chart and Interim Distribution | August 9, 2013 |
| Interim Distribution | August 23, 2013 |

34.     On or before the "Deadline to File PACA Proof of Claim" set forth in ¶32, each unpaid supplier of Produce to Consalo & Sons or other claimant alleging rights under the PACA trust shall serve a completed Declaration in Support of PACA Trust Claim ("Proof of Claim") form substantially similar to the Proof of Claim form attached as Exhibit "C", and any and all documents supporting its claim, on the following

Eugene J. Malady, Esquire                      Steven E. Nurenberg, Esquire
Eugene J. Malady, LLC                          Meuers Law Firm, P.L.
211-213 N. Olive Street                        5395 Park Central Ct.
Media, PA  19063                               Naples, FL 34109
emalady@ejmcounselors.com                      snurenberg@meuerslawfirm.com

35.     Service under paragraph 33 will be accomplished by personal service, courier, overnight delivery or United States first class mail, postage pre-paid.  Service is also permitted to be made pursuant to FRCP 5(b)(2)(D) via e-mail to the e-mail addresses identified above, provided that if service is effectuated via e-mail, a copy of the document is also served via U.S. Mail on the date of e-mail service.  All filings must be accompanied by a Certificate of Service. Any claims not timely filed with the Proof of Claim in accordance with this Paragraph will be inadmissible at any evidentiary proceeding or trial conducted in this proceeding.   This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

36.     Each PACA Proof of Claim must be verified by either an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts comprising such claims.

37.     **Any supplier or creditor who fails to timely serve a Proof of Claim upon counsel identified in ¶33 is forever barred from thereafter asserting any claim against**

**Consalo & Sons, its officers, or employees under the PACA trust provisions for non-payment of Produce sold, whether in this Court or any other forum.**

38.    Any objections to any PACA claims must be served upon all counsel identified in ¶33, as well as the PACA claimant whose claim is the subject of the objection. Any and all such objections must be served on or before the deadline for "Objection to PACA Proofs of Claim" set forth in ¶32 of this Order. The objection must set forth, in detail, the legal and factual basis for the objection to each invoice, or the payment thereof ("Valid Objection"). Any additional evidence which the objecting party wishes to be considered when resolving the objection must be served with the Valid Objection.

39.    On or before the deadline for "Response to Claims objections" set forth in ¶32 of this Order, any PACA claimant whose claim is subject to a Valid Objection may serve a detailed response to any Valid Objection received, including any supporting rebuttal evidence. The Response must be served upon all counsel identified in ¶33, as well as counsel for the objecting party. A claim will be disallowed if a Valid Objection is timely served and the claimant fails to serve a timely response.

40.    Any PACA claim listed on a Proof of Claim, to which no Valid Objection has been served prior to the Objection Deadline, is deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim. If a PACA claim is subject to a timely served Valid Objection as to only a part of the claimed amount, that claim is deemed a valid PACA trust claim only to the extent it is not subject to the timely served Valid Objection.

41.    The claimant and the objecting party will thereafter exercise their best efforts to resolve any Valid Objections.

42.    On or before the deadline to "File PACA Trust Chart and Move for Interim Distribution" set forth in ¶32 of this Agreed Order, counsel for Defendants shall prepare, file with the Court, and serve upon all counsel of record, and any *pro se* entities that filed a PACA Proof of Claim:  A chart listing each person or entity having filed a verified PACA Proof of Claim; the amount of its claim as set forth on the Proof of Claim; the amount which is valid due to no Valid Objections; the amount which is invalid due to no response to the Valid Objection; the amount, if any, subject to a pending Valid Objection; and, the amount of any Valid Objection that was resolved by settlement (the "PACA Trust Chart").  The PACA Trust Chart must also list the funds available for an interim distribution equal to 75% of the funds on deposit at the time in the PACA Trust Account ("Available Funds").

43.    The PACA Trust Chart must list the pro-rata distribution of the Available Funds to the undisputed and disputed claims, and allow for a reserve in the event all pending Valid Objections are resolved or overruled, as set forth in paragraph 42, below.  The 25% of the funds in the PACA Trust Account that is being withheld from the Interim Distribution may be subject to the claims of counsel for Molinelli and counsel for Defendants for common fund attorneys' fees.

44.    At the time the PACA Trust Chart is filed, counsel for Defendants shall also file and serve a report detailing all objections to claims and attaching thereto the PACA Proof of Claim subject to a Valid Objection, the Valid Objection to the claim and the Response to the objection (Report of Claims). The Report of Claims shall contain a request for a ruling by the Court on all outstanding objections.

45.    Absent timely, valid objections, counsel for Defendants shall make an interim distribution of the Available Funds on or before the "Interim Distribution Deadline" set forth in

¶32 of this Agreed Order, to be paid *pro-rata* to the holders of undisputed claims listed on the PACA Trust Chart.

46.     Counsel for Defendants shall make the distribution on a *pro-rata* basis and allow for a reserve, with all percentages based upon the total in the PACA Trust Account and determined as though all pending Valid Objections would be overruled. Claimants' percentages subject to pending Valid Objections will be maintained in reserve in the PACA Trust Account. Counsel for Defendants shall make the distribution payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution will be made in one lump sum in the aggregate amount of all distributions for that attorney's clients. Each attorney has the duty to then distribute the funds to their client(s) in accordance with the PACA Trust Chart, subject to any contrary agreement among the attorney and his clients.

47.     The *pro-rata* portion of any claims subject to an unresolved objection, to the extent of the objection only, will be held in the PACA Trust Account until such time as the Valid Objections to such claims are resolved, in which case the reserve portion is either used to make the *pro-rata* distribution to the claim if the claimant prevails, or is made available for distribution to other valid claimants if the objecting party prevails. Counsel for Defendants shall adjust all valid claimants' percentage shares and distributions after the resolution of these disputed claims, but before any subsequent distributions. The total amount distributed to each valid claimant, including all prior interim and subsequent distributions, will reflect the claimants' percentage shares after the resolution of Valid Objections. Any timely and valid objections to the PACA Trust Chart will be resolved between the parties or submitted to the Court on motion for ruling.

48.     Counsel for Defendants shall use the same procedure to make subsequent distributions.  Counsel for Defendants shall file and serve a PACA Trust Chart upon counsel identified in ¶32 of this Agreed Order and who file an appearance with the Court and any pro-se parties.  All parties have seven (7) days from service of the PACA Trust Chart to file and serve timely, valid objections to the PACA Trust Chart.  Absent timely, valid objections, counsel for Defendants shall make the distribution set forth in the PACA Trust Chart without Court Order.

49.     After all distributions to valid PACA beneficiaries are made and all reasonable compensation, if any, is paid to counsel for Molinelli and Defendants, if any funds remain in the PACA Trust Account, such funds shall be promptly distributed to Consalo & Sons.

### VII.   PROCEDURAL ISSUES

50.     This Court will exercise exclusive *in rem* jurisdiction over this action and the PACA trust assets, and the PACA Trust Account established pursuant to this Order.  The Court also retains jurisdiction to enter further Orders to enforce the terms of this Order.

51.     Since the initial disclosures and discovery are in part being provided for in this Order, the parties are relieved of complying with FRCP 26 pending further Court Order. Pursuant to FRCP 26(d)(1), discovery may commence without the need to first confer as required by FRCP 26(f).

52.     Counsel for Molinelli and Defendants have no responsibility or obligation to any person or entity with respect to the PACA Trust Account, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Order and other Orders of this Court. Counsel for Molinelli and Defendants may rely upon and will be protected in acting or refraining from acting upon any statement, certificate, notice, request, consent, order or other documents (including Consalo & Sons' books and records) reasonably believed by Counsel for Molinelli

and Defendants to be genuine and to have been signed or presented by the proper party or parties, or their counsel.

53.     Counsel for Molinelli and Defendants have no duty or liability to verify any such statement, certificate, notice, request, consent, order or document; will not be liable for any mistake of fact or error or judgment, or for any act done or omitted in good faith as required or permitted by this or other Orders of this Court; and, will be under no obligation to institute or defend any action, suit or proceeding in connection with the PACA Trust Account.

54.     All pending actions, including but not limited to PACA administrative proceedings and state administrative proceedings, by or on behalf of other persons or entities against Defendants, the company's officers or employees that arise under or relate to the trust provisions of PACA are hereby stayed and all subsequent actions by any unpaid seller of Produce under the trust provisions of PACA against Defendants are hereby barred.

DONE and ORDERED, this 26th day of March, 2013 at CAMDEN New Jersey.

_____
Honorable Joseph E. Irenas
United States District Court Judge

**STIPULATED AND AGREED BY THE PARTIES ON March 25, 2013:**

/s/John F. O'Riordan
John F. O'Riordan
O'Riordan Law Firm
Two Liberty Place
50 South 16th St., 22nd Floor
Philadelphia, PA  19102
Telephone:  (215) 568-6864
Facsimile:  (215) 701-7523
jfo@oriordanlaw.com

Attorney for Plaintiff

/s/Eugene J. Malady
Eugene J. Malady
Law Offices of Eugene J. Malady
211-213  North Olive Street
Media, Pa 19063
Telephone:  (610) 565-5000
Facsimile:  (610) 565-1201
emalady@ejmcounselors.com

Attorney for Defendant

# Exhibit "A"

**William Consalo Sons Farms, Inc.**
**Monthly Budget**

| Expense | Budget Months 1-3 | Projected Budget months 4-6 | Comment |
|---|---|---|---|
| **Utilities/Office Expenses** | | | |
| Fulton Bank Loan | $2,987.29 | $0.00 | Balance $94,092.32 Principal 2,608.33 Interest 328.99. Offer $620k Appraisal $710K. Property will be sold in 2-3 months |
| AT&T Long Distance | $27.07 | $27.07 | Calls to lawyers, customers & others involved in liquidation |
| Avaya | $375.29 | $375.29 | Phone contract for the actual phones |
| Comcast | $78.00 | $78.00 | Used to run computer network |
| South Jersey Gas | $326.45 | $326.45 | Heat for building, will be decreasing as weather warms |
| Vineland Municipal Utilities | $1,500.00 | $1,500.00 | Used to run coolers.  Decrease is due to only cooler running is the one Formisano is renting. |
| De Lang Landen | $135.30 | $135.30 | Copier lease needed to make copies |
| Pitney Bowes (postage) | $120.50 | $120.50 | Lease payment, needed to send collection letters to customers |
| Cumberland Cty Improvement (dump) (per ton) | $52.38 | $52.38 | Dump trash when buildings are cleaned out |
| Fed ex | $20.00 | $20.00 | In case something needs to be mailed |
| W.B. Mason | $0.00 | $0.00 | Paper and supplies for liquidation |
| BJ's | $0.00 | $0.00 | Paper products for office personnel during liquidation |
| **Insurance** | | | |
| General Liability | $1,572.11 | $1,572.11 | getting quote for minimal policy |
| Umbrella Policy | $0.00 | $0.00 | |
| Auto insurance | $899.00 | $899.00 | Needed in case trucks are used for transport during liquidation |
| Worker's Compensation | $500.00 | $0.00 | 3 employees |
| Health insurance | $1,378.06 | $0.00 | 3 employees |
| **Payroll** | | | |
| Louise Consalo | $4,400.00 | $0.00 | Handle all legal paperwork, a/r, a/p, packing files and office projected for 3 mos |
| Kristen DeRosa | $3,600.00 | $0.00 | Assist Louise to collect a/r and Vince to Handle liquidation process: maintenance of properties, mtg potential buyers for sale of land/properties, collection of rents ($3700) & dealing with tenants. Projected for 3 months |
| Vincent Consalo | $4,400.00 | $0.00 | Handle liquidation process: maintenance of properties, mtg potential buyers for sale of land/properties, collection of rents ($3700) & dealing with tenants. Projected for 3 months |
| Legal Fee - Diess | $140.00 | $140.00 | Fee for collecting monthly payment from Mex Produce |
| Legal Fees Malady & Nurenberg | | | To be determined |
| | $22,511.45 | $5,246.10 | |

**EXHIBIT "A"**

# Exhibit "B"

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| JOHN MOLINELLI, INC., | Case No.:  1:13-cv-01238-JEI-KMW |
| **Plaintiff,** | |
| **vs.** | |
| WM. CONSALO & SONS FARMS, INC., et al., | |
| **Defendants.** | |

**To:     ALL CREDITORS OF WM. CONSALO & SONS FARMS, INC.**

**PLEASE TAKE NOTICE** that on March 26th, 2013, the United States District Court for

the District of New Jersey entered a Consent Injunction and Agreed Order Establishing PACA

Claims Procedure (the "Order") in the above-captioned proceeding, a copy of which is attached.

Under certain circumstances, the trust provisions of the Perishable Agricultural

Commodities Act of 1930, as amended, 7 U.S.C. §499e ("PACA") provide for priority payment

to qualifying sellers of perishable agricultural commodities ("Produce") who have not received

payment for Produce sold and shipped to its buyer.  In order to qualify as a PACA trust

beneficiary entitled to such priority payment, the creditor must first have sold perishable

agricultural commodities (meaning fruits or vegetables in fresh form, whether or not packed in

ice, including frozen).  Second, the seller of such commodities must have timely complied with

certain statutory requirements to preserve PACA trust benefits and qualify as a PACA trust

creditor.  Sellers who prove they have met all statutory requirements and have valid PACA trust

claims are entitled to share in the distribution of Consalo & Sons's PACA trust assets.

The Order sets forth a procedure for all fruit and vegetable suppliers to intervene in the

case to prove their PACA trust claims against Wm. Consalo & Sons Farms, Inc. ("Consalo & Sons"), a Produce company.

## PRODUCE VENDORS

If you are a Produce vendor that has not been paid for fresh or frozen produce sold to Consalo & Sons, and you desire to assert a claim that you are a PACA trust beneficiary of Consalo & Sons, you must timely and fully comply with all terms of the following claims procedure for produce creditors.

## NON-PRODUCE VENDORS

If you are **NOT** a produce supplier, <u>do not submit a claim at this time</u>. In the event there are any non-PACA trust assets remaining for unsecured creditors of Consalo & Sons, you will be notified of the procedure to distribute those assets to unsecured creditors. You may lodge objections to PACA trust claims for Produce sold and/or challenge whether a particular asset is subject to the PACA trust. NOTE: Any objections to PACA trust claims and/or challenges to any particular asset must be served as set forth in paragraphs 1 and 2 below, on or before the Objection Deadline of June 21, 2013.

## CLAIMS PROCEDURE FOR PRODUCE CREDITORS

1.       On or before the May 31, 2013, "Deadline to serve PACA Proof of Claim," any potential PACA trust creditor wishing to assert a claim under the trust provisions of PACA must serve a PACA Proof of Claim substantially similar to the form attached as **EXHIBIT "A"** upon:

Eugene J. Malady, Esquire                    Steven E. Nurenberg, Esquire
Eugene J. Malady, LLC                        Meuers Law Firm, P.L.
211-213 N. Olive Street                      5395 Park Central Ct.
Media, PA  19063                             Naples, FL 34109
emalady@ejmcounselors.com                    snurenberg@meuerslawfirm.com

3.      The Order provides that service is permitted to be made pursuant to Fed.R.Civ.P. 5(b)(2)(D) via e-mail, *provided that* if service is effectuated via e-mail, a copy of the document shall also be served via U.S. Mail or personal service on the date of e-mail service, and service via e-mail shall be made to the e-mail addresses identified above.   All filings must be accompanied by a certificate of service.

3.      Any PACA claimant who fails to timely serve a PACA Proof of Claim upon counsel referenced above shall be forever barred from asserting any claim against Consalo & Sons under the PACA trust for non-payment of Produce sold to Consalo & Sons, whether in this Court or any other forum.

4.      Additional deadlines governing the determination and payment of valid PACA claims against Consalo & Sons are set forth in the Order and are summarized below:

> **Deadline to serve PACA Proof of Claim ........................................May 31, 2013**
>
> **Deadline to serve Objections to a PACA Proof of Claim ............ June 21, 2013**
>
> **Deadline to serve Responses to Claims Objections ........................ July 5, 2013**
>
> **Deadline to File PACA Trust Chart............................................. August 2, 2013**
>
> **Deadline to Object to PACA Trust Chart .................................... August 9, 2013**
>
> **Deadline for First Interim Distribution of Assets .................... August 23, 2013**

5.      If you have any questions concerning this Notice or whether you qualify as a PACA trust creditor of Consalo & Sons or any of its affiliated entities, you are strongly advised to seek legal counsel ***immediately***.

//

//

//

Notice of Consent Injunction and Agreed Order                                    Page 3 of 4
Establishing PACA Claims Procedure

**EUGENE J. MALADY, LLC**

By: _____

    Eugene J. Malady, Esquire
    211-213 N. Olive Street
    Media, PA  19063
    Telephone:  (610) 565-5000
    Facsimile:  (610) 565-1201
    emalady@ejmcounselors.com

    *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2011, a copy of this Notice of Consent Injunction and Agreed Order Establishing PACA Claims Procedure, with the attached PACA Claims Procedure Order and Exhibit "A," was served upon all persons or entities identified in the service list attached as Exhibit "B" by certified mail, return receipt requested.

By: _____

    Eugene J. Malady

# Exhibit "C"

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

JOHN MOLINELLI, INC.,

        **Plaintiff,**

    **vs.**

WM. CONSALO & SONS FARMS, INC., et al.,

        **Defendants.**

Case No.:  1:13-cv-01238-JEI-KMW

**DECLARATION OF _____ (Declarant) IN SUPPORT OF PACA TRUST CLAIM OF _____(Claimant)**

I, _____(Name of Declarant), declare:

1.    That I am the _____(Title) and the custodian of the accounts and records of _____ (hereinafter referred to as "Claimant"), and I serve this Declaration and declare under penalty of perjury that the following are true statements and that the attached documents are true and correct copies or original documents, which are served with this Declaration for the purpose of supporting Claimant's PACA claim as a beneficiary of the trust created against Wm. Consalo & Sons, Inc. ("Debtor") pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a, *et seq.* and the Code of Federal Regulations implementing PACA promulgated by the Secretary of the United States Department of Agriculture ("USDA"), 7 C.F.R.§ 46.46, and I am authorized to make this Declaration and am competent to testify at trial, if necessary, regarding the statements made in this Declaration.

2.      Claimant:

    ☐   is licensed by the USDA–PACA, and currently holds valid PACA license number _____, and was so validly licensed during the period applicable to the transactions which are the subject of this claim.

    ☐   is not licensed by the USDA–PACA, and was not so licensed during the period applicable to the transactions which are the subject of this claim.

3.      That the sales transactions between Claimant and Debtor were based on the following payment term:

    ☐   Payment was due within ten (10) days after the day on which the produce was accepted as provided for in 7 C.F.R. §46.2(aa)(5).

    ☐   On ____ - day written payment terms from the date of *(check one)*:

| ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|
| Shipment | Invoice | Delivery | Acceptance |

True and accurate copies of the written agreements, if any, providing for such payment terms are attached to this Declaration.

4.      That Claimant sold perishable agricultural commodities (hereinafter "Produce") on credit to Debtor as described in a chart attached to this Declaration ("Trust Chart"). In each instance, the Produce was received and accepted by Debtor and no adjustments have been made on the invoice except as listed. True and accurate copies of all relevant invoices are attached to the Trust Chart. In the Trust Chart, I have used the term "Invoice Number" to refer to the number under which the commodity was sold to Debtor; "Date of Acceptance, Invoice or Shipment" refers to the date which begins the payment term between the parties; "Payment Due Date" refers to the date payment was due based upon the payment terms between the parties; "Date Notice Given" refers to the date Claimant's Invoice or Notice of Intent to Preserve Trust Benefits (hereinafter "Trust Notice") was given to Debtor, if applicable; "Invoice Amount Due" refers to the amount owed and remaining unpaid, whether or not it qualifies for trust protection;

and "PACA Trust Amount" refers to the amount owed and remaining unpaid qualifying for trust protection pursuant to the provisions of PACA.

     5.    That Claimant preserved its PACA trust interest against Debtor:

     ☐  by including the statutorily required language on Claimant's invoice or other billing statement (7 U.S.C. §499e(c)(4)); or

     ☐  by serving Trust Notices upon Debtor (7 U.S.C. §499e(c)(3)).

     6.    That on the invoice dates indicated on the Trust Chart and appearing on each of the invoices, each invoice was sent to the Debtor via U.S. Mail, facsimile or other manner (specify below).

_____.

     7.    Attached to this Declaration are true and accurate copies of all Trust Notices, if applicable, all unpaid invoices, and other evidence and documents which may be necessary or helpful for the just determination of this claim.

     8.    That the total amount past due and unpaid from Debtor totals $_____, of which $_____ qualifies for PACA trust protection.

**I understand that the penalty for presenting a fraudulent claim is a fine of not more than Five Thousand Dollars ($5,000.00) or imprisonment for not more than five (5) years, or both.  18 U.S.C. § 152.**

**I declare under the penalty of perjury, under the laws of the State of _____ that the foregoing is true and correct based on my personal knowledge.**

Executed this _____ day of _____, 2013 at _____ (insert name of municipality where you are signing), State of _____ (insert State).

_____
Signature

Print Name: _____

Print Your Title: _____